**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBRA HALLIDAY McCANN, WILLIAM D. McCANN,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>JP MORGAN CHASE BANK, CHASE HOME FINANCE, LLC, et al.,<br><br>　　　　Defendants. | Case No.: 11-cv-6182<br><br>**ORDERING GRANTING MOTION FOR REMAND** |

Before the Court is the motion of Plaintiff Debra Halliday McCann for remand to the state court pursuant to 28 U.S.C. §1447 on the grounds that removal was untimely.[1] Defendants J.P. Morgan Chase Bank, Chase Home Finance, LLC, and California Reconveyance Company (collectively "Defendants") removed the case from the Contra Costa Superior Court by Notice filed December 8, 2011. Defendants oppose the motion on the basis that their notice of removal was filed within thirty days of the filing of Plaintiffs' First Amended Complaint on November 8, 2011, the first point at which Plaintiffs asserted a federal claim.

---

[1] The Court notes that co-plaintiff William D. McCann is separately self-represented. Although he previously filed a motion for remand for hearing by Judge Chen, he has not re-noticed that motion since this case was reassigned by Judge Yvonne Gonzalez Rogers on January 18, 2012.

Having considered the parties' submissions in support and in opposition, and good cause appearing, the Court GRANTS the motion for remand.[2]

## BACKGROUND

Plaintiffs seek remand of this action to the Contra Costa Superior Court. Plaintiff's original pleading, filed July 27, 2011, alleged causes of action for, *inter alia*, attempted wrongful foreclosure, negligence *per se*, breach of contract, negligent misrepresentation, arising out of wrongdoing in connection with Washington Mutual's (WAMU) extension of a "pick and pay" loan to Plaintiffs, as well as a later failure by WAMU/Chase to act in good faith with respect to servicing of the loan or approval of a loan modification. In the third cause of action for attempted wrongful foreclosure, Plaintiffs allege that "Defendants instituted and proceeded with a foreclosure that is wrongful for numerous reasons, including, but not limited to, the following: . . . violation of state and federal anti predatory [sic] lending statues [sic] . . . loan documents and closing papers violated TILA and TESPA [sic] requirements," as well as that the loan was procured by fraud and breach of fiduciary duty. (Original Complaint at ¶29.) Plaintiffs allege, as the sole basis for the eleventh cause of action for negligence *per se,* the following: "Defendants' violation of TILA and RESPA as set forth, supra, constitute acts of negligence per se." (Original Complaint at ¶63.) Although not specifically alleged in the original complaint, the allegations can be fairly read to plead that "TILA" refers to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., and that "RESPA" refers to the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601-2617.

On July 28, 2011, Plaintiffs sought and were granted a temporary restraining order to prevent the foreclosure sale of the property at issue, then scheduled for August 1, 2011, and set a hearing on a preliminary injunction for August 26, 2011. Plaintiffs state that they served the temporary

---

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court rules on the instant motion without oral argument. Thus, the Court VACATES the hearing set for February 14, 2012.

restraining order and complaint, but that Defendants nevertheless proceeded with the foreclosure sale. Defendants later rescinded the sale after being served with an order to show cause re: contempt, and that order to show cause was later discharged without an award of sanctions. (*See* Notice of Removal, Exh. 24). The state court issued an order on October 12, 2011, denying the request for preliminary injunction. (*Id.*)[3]

On November 8, 2011, Plaintiffs filed their First Amended Complaint. The First Amended Complaint differed from the original complaint in at least one respect: it pleaded a first cause of action for violation of the Truth in Lending Act.

On December 8, 2011, Defendants filed their Notice of Removal. Defendants removed the case pursuant to 28 U.S.C. § 1441, alleging federal question jurisdiction under 28 U.S.C. § 1331 as the grounds for removal.

## APPLICABLE STANDARD

A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The

---

[3] Defendants filed a demurrer to the original complaint in the state court, however, the merits of that demurrer apparently were never reached, as Plaintiffs filed their first amended complaint prior to the hearing thereon.

3

burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Under 28 U.S.C. § 1446, a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be on the defendant whichever period is shorter." If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt of an amended pleading which reveals, for the first time, grounds for removal. 28 U.S.C. § 1446(b).

A defendant is on notice of the removability of a case under § 1446(b) if, through examination of the four corners of the applicable pleadings, the "initial pleading" reveals a basis for removal. *See Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). Though a defendant is not required to make further inquiry or to assume additional facts through its own subjective knowledge outside the complaint, if a basis appears on the face of the complaint, section 1446(b)'s 30-day clock begins to run upon receipt by the defendant. *Id.*

**DISCUSSION**

There is no dispute that the later First Amended Complaint alleged a federal question – namely a violation of TILA -- that would permit removal under section 1331. What is in dispute is whether the removal is untimely because Defendants were required to remove within 30 days of receipt of the original complaint. The original complaint alleged a wrongful foreclosure claim based, in part, on violation of federal laws, as well as a negligence *per se* claim based solely upon violation

4

of those same federal laws. If this original complaint was sufficient to put Defendants on notice of the complaint's removability, their 30 days began to run upon receipt of that complaint, on or about July 28, 2011. Thus, if the original complaint alleged a claim that "arises under federal law" and thereby was removable on its face, Defendants' removal on December 8, 2011 is untimely.

Defendants argue that Plaintiffs' original complaint contained no federal claim and raised no substantial question of federal law. In order for a state claim to be removable the claim must "really and substantially" involve a dispute or controversy respecting the validity, construction, or effect of federal law. *Grable & Sons Metal Products, Inc. v Darue Engineering & Manufacturing,* 545 U.S. 308, 313, 125 S.Ct. 2363, 2367 (2005). Federal issues raised within state law claims that are only incidental to the claim do not create federal question jurisdiction. *Berg v. Leason*, 32 F.3d 422, 425 (1994). Defendants argue that Plaintiffs' claims make only passing and conclusory reference to federal law and therefore Defendants could not have removed the claims as pleaded in the initial complaint.

"The question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986) (quoting *Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1 at 9-10, 103 S.Ct. 2841 at 2846-47 (1983)). The "arising under" qualification of section 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations omitted). "[O]riginal jurisdiction is unavailable unless it

5

appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Board, supra*, 463 U.S. at 13.

Incorporation of a federal statute or standard as an element of a state law cause of action does not necessarily make the action one "arising under the Constitution, laws or treaties of the United States," as required for jurisdiction under 28 U.S.C. § 1331. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229 (1986); *Rains v Criterion Systems, Inc.,* 80 F.3d 339, 343-44 (9th Cir. 1996). While not every invocation of federal law will suffice to make the claim subject to federal question, if the issues in the state law claim "really and substantially" involve federal law, the claim can properly be said to "arise under" federal law for purposes of jurisdiction. *See Grable, supra,* 545 U.S. at 313, 125 S.Ct. at 2367. If a complaint includes "allegations of federal law that are essential to the establishment of the claim," a basis for federal question jurisdiction is stated. *Lippit v. Raymond James Fin. Servs. Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003).

In *Grable*, plaintiff brought a quiet title action in state court alleging that a tax sale conducted by the IRS was invalid due to inadequate notice. The Supreme Court held that the case was properly removed to federal court because the state law claim implicated significant federal issues. *Grable, supra,* 545 U.S. at 312, 125 S.Ct. at 2367. Determination of the claim to title would have required interpretation of federal tax law. *Id*. at 311, 125 S.Ct. at 2366.

By contrast, in *Berg,* a malicious prosecution action was not removable from the state court, even though based on an alleged violation of federal statutes in the underlying action. *Berg, supra*, 32 F.3d at 423. The Ninth Circuit held that the malicious prosecution action did not "arise under" federal law simply because it would require showing that the underlying federal securities and racketeering action was not legally tenable. The elements of a malicious prosecution claim are: (1) the underlying action was terminated in plaintiff's favor; (2) the action was brought without probable

6

cause; and (3) the action was initiated with malice. *Berg, supra*, 32 F.3d at 424. However, determination of the claim did not require proof of whether the federal racketeering or securities laws were violated, as that had already been determined in the underlying action. The cause of action at issue there was created by state law, and the state law controlled the standard for determining whether the claim was "legally tenable" for purposes of malicious prosecution. Given that the only possible implication of federal law centered on determining whether a "legally tenable" or "colorable" federal claim existed in the underlying case, no substantial federal question was raised. *Id.* at 425.

Similarly, where a claim can be proven without resort to federal law, no substantial federal question is raised. In *Rains,* the plaintiff asserted a state tort claim for wrongful termination in violation of public policy. As the court there held, "direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action. Rather, the complaint merely incorporates Title VII as one of several similar sources of public policy supporting defendant's state law claims." *Rains, supra,* 80 F.3d at 344. "That the same facts could have been the basis for a [federal] Title VII claim does not make Rains' wrongful termination claim into a federal cause of action. Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so." *Id.* at 344. As numerous other decisions have held, "[i]f the plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply by relying exclusively on the state law claim." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1295 (9th Cir. 1988); s*ee also Green v. Deposit Guar. Nat'l Bank*, 966 F.Supp. 464 (S.D. Miss. 1997) (while allegations in the complaint would have been sufficient to put the defendant on notice that the claim could be brought for sexual harassment under Title VII, employee's complaint actually stated no federal cause

of action because it alleged a state law claim for violation in public policy and did not mention Title VII at all).

These principles apply easily to the original complaint's third cause of action for wrongful foreclosure. The third cause of action relied in part on TILA and RESPA, but also alleged as its basis other wrongful conduct that did not necessarily implicate a federal law. In other words, the claim could be determined without reference to federal law if plaintiff were to prove a violation based on the other alternative grounds offered. This conclusion is in accord with other similar cases in this circuit ruling that offering violation of TILA and RESPA as one of several predicate violations was not sufficient to establish that a federal issue was necessary to resolve the claim. *See, e.g., Merino v. Saxon Mortg. Inc.* 2011 WL 794988, 4 (N.D.Cal. 2011) (mention of TILA and RESPA together with other state law bases for claims under Business & Professions Code §17200 and breach of the covenant of good faith and fair dealing insufficient to confer federal jurisdiction); *Smith v. Wells Fargo Bank, N.A.,* 2011 WL 5333753, 1 (C.D.Cal. 2011) (state law claims relying partly on TILA, RESPA and other federal statutes, and partly state law insufficient to establish federal question jurisdiction); *Pangilinan v. Downey Savings and Loan Ass'n*, 2011 WL 2837587, 2 (N.D.Cal. 2011) (same facts that could support TILA violation also support state law violations underpinning the §17200 claim); *Briggs v. First Nat'l Lending Servs.,* 2010 WL 962955 (N.D.Cal. 2010) (alleged TILA violation is not a necessary element under *Rains* because §17200 claim also supported by state law theories).

The analysis is different, however, with respect to the eleventh cause of action for negligence *per se*. Plaintiffs have pleaded a state law tort claim but one that relies *entirely* on federal law for its basis. In contrast to the third cause of action in the original complaint, this claim necessarily implicates federal law almost as certainly as the claim for direct violation of TILA pleaded in the

8

later first amended complaint.  Much like the quiet title action in *Grable*, determination of the negligence *per se* claim would necessarily require proof of a TILA or RESPA violation.  *See Grable, supra,* 545 U.S. at 312, 125 S.Ct. 2363.

Defendants cite *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812, 106 S.Ct. 3229, 3234 (1986) in support of their argument that the original complaint was not removable on its face.  In *Merrell Dow*, plaintiffs alleged a negligence *per se* cause of action based upon violations of the Federal Drug and Cosmetics Act (FDCA).  The Supreme Court held that the claim did not present a federal question and was not removable despite being based entirely on federal law.  However, the Court reached that decision in light of the fact that the FDCA is a statute that does not otherwise allow a federal private right of action.  Though not treating it as dispositive, the Supreme Court placed great importance on the unavailability of a federal right of action for violation of the FDCA:

> The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated. For the ultimate import of such a conclusion, as we have repeatedly emphasized, is that it would flout congressional intent to provide a private federal remedy for the violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law.

*Merrell Dow, supra*, 478 U.S. 804, 812, 106 S.Ct. 3229, 3234.  Here, unlike *Merrell Dow*, there plainly is a federal right of action for violation of TILA.  Moreover, federal law is necessarily and substantially implicated by Plaintiff's claim for negligence *per se* based upon TILA and RESPA.  This established a federal question in the original complaint, and thus a basis for removal.

The federal law basis for the claim – and the fact that federal statutes were the sole basis for the negligence *per se* claim – was plain from the face of the initial complaint.  It is equally clear

9

that doubts as to the removability of a case must be resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). As a result, Defendants were required to remove the case no later than thirty days from receipt of the initial complaint.

**CONCLUSION**

The Court finds that, with respect to the negligence per se claim based upon TILA and RESPA as stated in the original complaint, the complaint's removability was apparent. The notice of removal, filed on December 8, 2011, was untimely. Defendants' delay in removing requires that the motion be GRANTED and the case be REMANDED.

IT IS SO ORDERED.

February 8, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**